WHITE v. GAIDA. (No. 7979.)

(Court of Civil Appeals of Texas. Ft. Worth. May 30, 1914. Rehearing Denied July 4, 1914.)

BROKERS (§ 48*) — COMMISSIONS — WHEN EARNED.

Where an owner, employing a broker to procure a purchaser of real estate at a compensation in excess of the specified sum received on a sale of the property, did not interfere with the broker in his efforts to procure a purchaser, nor collude with any other person to defraud the broker by pricing the property to a purchaser procured by the broker at the specified sum, he was not liable to the broker, though a sale was made to the purchaser procured by the broker at the specified sum.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 65; Dec. Dig. § 48.*]

Appeal from Tarrant County Court; Chas. T. Prewitt, Judge.

Action by John Gaida against L. White. From a judgment for plaintiff, defendant appeals. Reversed and rendered for defendant.

Bryan, Bartholomew & Stone, of Ft. Worth, for appellant. Mercer & Wilcher, of Ft. Worth, for appellee.

SPEER, J. This suit was instituted by John Gaida in the justice court of precinct No. 1, Tarrant county, to recover commissions as a real estate broker from L. White, the owner of certain real estate situated in Ennis. For cause of action the plaintiff alleged that he was to receive as compensation for his services such amount in excess of $2,500 as he should be able to sell the property for, and that the defendant agreed not to interfere with him in the sale of the property. He alleged a breach of this agreement, resulting in a loss to him of $200, inasmuch as he would, but for the interference of defendant, have sold the property for $2,700. There was a verdict and judgment in the plaintiff's favor for $125, and the defendant appeals.

We sustain appellant's first assignment of error, to the effect that the court erred in overruling his motion for a peremptory instruction. The undisputed facts show that one Putz purchased the property from appellant at a price of $2,500. Putz was procured as a purchaser through the agency of appellee, but he never at any time agreed with appellee, or any one else, to pay $2,700, for the property, or any other sum above that which he did pay, to wit, $2,500. A Mrs. Shebesta and another informed Putz, upon his inquiry, that the property could be purchased for $2,500, and Putz testified that after he had received this information he, of course, would not pay more than that sum for it, although he further testified after the consummation of the deal that he would have paid $2,700 for the property. There is absolutely nothing in the evidence to indicate that appellant in any manner interfered with appellee in his efforts to sell the property to Putz for an amount exceeding $2,500, or that he was in any manner colluding with Mrs. Shebesta, or any other person, to defraud appellee by pricing the property to Putz at $2,500. This evidence fails wholly to show any breach of appellant's agreement with appellee as declared upon, and the trial court erred in not instructing a verdict for the defendant. Since all of the parties to the transaction have testified and the case appears to have been fully developed, there is no necessity for remanding it for another trial. The judgment is accordingly here rendered in favor of appellant.

Reversed and rendered.